## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LADELL HUGHES, by his mother and next friend, MARGARET HUGHES, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 06 C 5792 |
| v. | ) ) | Wayne R. Andersen |
| | ) | District Judge |
| ASSISTANT STATE'S ATTORNEY SUZANNE KRAUSE, ASSISTANT STATE'S ATTORNEY GEORGE CANELLIS, UNKNOWN ASSISTANT STATE'S ATTORNEYS, CHICAGO POLICE DETECTIVE J. EGAN, CHICAGO POLICE DETECTIVE EDWARD CARROLL, CHICAGO POLICE DETECTIVE JAMES PRUGAR, CHICAGO POLICE DETECTIVE CARL LOEFFLER, CHICAGO POLICE OFFICER K. LEAHY, THE CITY OF CHICAGO, THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY, and THE COUNTY OF COOK, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant George Canellis' motion to alter or amend this court's Memorandum Opinion and Order of March 31, 2008 pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the motion to alter or amend [65] is granted, and the state law claims asserted against Canellis in Counts VIII and IX are dismissed on the basis of absolute prosecutorial immunity.

Plaintiff Ladell Hughes filed a twelve-count amended complaint against various defendants, including Assistant State's Attorneys George Canellis and Suzanne Krause, alleging civil rights violations under 42 U.S.C. § 1983 as well as state law claims for false imprisonment, malicious prosecution and intentional infliction of emotional distress arising from his arrest, interrogation and prosecution for the June 25, 2003 sexual assault of Tammy Rodgers. ASA Canellis and Krause moved to dismiss the claims against them pursuant to Federal Rule 12(b)(1) and 12(b)(6) on the basis that they were immune from this lawsuit as a whole pursuant to the doctrine of absolute prosecutorial immunity.

On March 31, 2008, we issued a Memorandum Opinion and Order granting in part and denying in part defendants' motion as to ASA Canellis, finding that plaintiff's section 1983 claims against ASA Canellis were barred by absolute prosecutorial immunity and dismissing Counts I, III, V and X of plaintiff's amended complaint. However, we denied the motion to dismiss plaintiff's state law claims in Counts VIII and IX on the basis that ASA Canellis was not entitled to absolute prosecutorial immunity under Illinois law.

By this motion, ASA Canellis has asked this court to reconsider our application of controlling authority with respect to the scope of prosecutorial immunity under Illinois law. Specifically, in our previous Memorandum Opinion and Order, we found that Illinois law recognizes some form of prosecutorial immunity or public official immunity, but we concluded that such immunity was not absolute. We concluded that under Illinois law, absolute prosecutorial immunity does not applicable if the state official acted with malicious motives. It is this conclusion that ASA Canellis asks us to reconsider.

In our previous Memorandum Opinion, we determined that ASA Canellis acted firmly within the scope of his official capacity when he weighed evidence and chose to pursue the criminal case against plaintiff and, therefore, was entitled to federal prosecutorial immunity. Upon further consideration, we find that ASA Canellis is entitled to that same absolute prosecutorial immunity under state law as well. Relying on *Aboufaris v. City of DeKalb*, 305 Ill. App. 1054 (2nd Dist. 1999), in our previous Memorandum Opinion, we recognized that the Illinois Appellate Court analyzed the issue of prosecutorial immunity under the rubric of public official immunity. Although the Illinois Appellate Court in *Aboufaris* may have discussed the doctrine of public official immunity and a lack of malice requirement in order for the official to be afforded protection for acts performed within their official capacity, the Appellate Court ultimately concluded that "a prosecutor acting within the scope of her prosecutorial duties enjoys immunity from civil liability, the same immunity afforded to the judiciary." 305 Ill. App. 3d at 1065. There is no question that the immunity afforded to the judiciary is absolute. Similarly in *White v. City of Chicago*, 369 Ill. Ap. 3d 765 (1st Dist. 2006), the Illinois Appellate Court affirmed the dismissal of both state and federal law claims against the defendant prosecutors on the basis of absolute immunity.

Although under Illinois law there is a doctrine of public official immunity which has a lack of malice requirement, such is not the immunity afforded prosecutors. Prosecutors, like judges, must be allowed to perform the functions of their jobs fearlessly and without fear of consequence. Therefore, pursuant to Federal Rule 59(e), defendant ASA Canellis' motion to alter or amend [65] is granted, and this court's March 31, 2008 Memorandum Opinion and Order

is amended to grant defendants' motion to dismiss plaintiff's state law claims against ASA Canellis in Counts VIII and IX on the basis of absolute prosecutorial immunity.

It is so ordered.


Wayne Andersen
_____
Wayne R. Andersen
United States District Court


Dated: July 17, 2008